**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-22685-BLOOM/Otazo-Reyes**

DAVID DYLAN MCPECK,

      Plaintiff,

v.

MARLA RODRIGUEZ,

      Defendant.

_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On August 24, 2022, Plaintiff filed a Complaint. ECF No. [1]. For the reasons set forth below, the Complaint is dismissed for lack of subject matter jurisdiction.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Id.* (quotation omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* "A district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am*., 849 F.3d 1313, 1317 (11th Cir. 2017) (quotation omitted).

Case No. 22-cv-22685-BLOOM/Otazo-Reyes

In his Complaint, Plaintiff sues a forensic psychologist for her alleged "[f]alse diagnosis" of Plaintiff, which "tarnished [his] name, caused imprisonment, denied bond." ECF No. [1] at 2, 4. Plaintiff has checked "Federal question" as the basis for federal jurisdiction, but as to the specific federal question, he has written "19 Fla. Jur 2d Defemation and Privacy usc 1." *Id*. at 3.

As best the Court can tell from Plaintiff's barebones Complaint, he seeks to bring a defamation lawsuit against a forensic psychologist. Defamation is a matter of state law, not federal. Plaintiff's Complaint does not raise a federal question; there is no indication that the parties are diverse; nor is there an allegation that jurisdiction exists under a specific statute. *See Thermoset Corp.*, 849 F.3d at 1317 (citing the three bases for federal jurisdiction). Plaintiff has failed to set forth an adequate basis for the Court to exercise jurisdiction in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows;

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**;

2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

david.mcpeck3@gmail.com

2